**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-20125
Summary Calendar

_____

In The Matter Of: RICHARD HENRY PARKER, JR.,

Debtor.

_____

RICHARD HENRY PARKER, JR.,

Appellant,

versus

DONALD M. LANCON; KATHLEEN ROBINSON; ROY BERT ROBINSON,

Appellees.

_____

**Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-569**
_____

March 21, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

Per Curiam:[*]

As Judge Hittner's opinion notes, Parker, the attorney-appellant here, has been a party to many lawsuits and proceedings in state courts, bankruptcy court and federal district court. In the appeal before us, he is attempting to overcome the bankruptcy court's ruling that a case he attempted to pursue in state court in Galveston was barred by the doctrines of res judicata and collateral estoppel. Parker raises only three issues on appeal:

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the propriety of the removal; the bankruptcy court's refusal to abstain; and the bankruptcy court's summary dismissal of his claims. These issues are easily resolved.

Although the notice of removal was directed to the wrong division of the Southern District of Texas, defendants removed the case from state court to the bankruptcy court intending that it should be handled by Judge Greendyke, who is presiding over Parker's personal bankruptcy. Any error in failing to file the notice of appeal in the Galveston rather than the Houston division, in both of which Judge Greendyke is an active judge, is merely technical and bears on venue rather than the bankruptcy court's jurisdiction. Similarly, any defect in notice of the removal filed with the Galveston state court is non-jurisdictional and factually unsubstantiated.

The bankruptcy court did not abuse his discretion in failing to abstain from hearing this case, which bears on an asset allegedly belonging to the debtor's estate and replicates a number of previous claims asserted by Parker and rejected in the bankruptcy court.

Finally, the bankruptcy court warned Parker as early as its September, 1996 hearing, that the claims he asserted in the Galveston case appeared to be barred by *res judicata* and collateral estoppel. The court repeated this belief in the November scheduling hearing. Parker was on ample notice that the court was considering these issues, and he had plenty of time to brief them before the court's final order denying reconsideration was entered.

No reversible error is shown in any of the bankruptcy court's rulings or in the district court's opinion affirming them.

**AFFIRMED.**